UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>DAVID LAMAR SINKFIELD,<br><br>Debtor.<br><br>BANK OF AMERICA, N.A.,<br><br>Appellant,<br><br>v.<br><br>DAVID LAMAR SINKFIELD,<br><br>Appellee. | Case No.: 1:13-cv-01541-TCB |

**JOINT MOTION AND MEMORANDUM OF LAW FOR SUMMARY AFFIRMANCE SUBJECT TO APPELLATE REVIEW**

Bank of America, N.A. ("Bank of America") and David Lamar Sinkfield (the "Debtor," and together with Bank of America, the "Parties") jointly move the Court for summary affirmance of the Stipulated Order Resolving Contested Matter Subject To Appellate Review ("Stipulated Order") entered by the United States Bankruptcy Court for the Northern District of Georgia (Sacca, J.) in this matter on April 29, 2013. In support of this motion, the Parties jointly represent as follows:

1. On December 18, 2012, Debtor filed a voluntary chapter 7 petition in the United States Bankruptcy Court for the Northern District of Georgia.

1

2. Debtor owns real property located at 648 River Bend Drive, Jonesboro, GA 30238 (the "Property").

3. The Property is subject to two mortgage liens. As of the filing of the voluntary petition (and as of the date of the Stipulated Order), the amount outstanding on the first-priority mortgage (approximately $102,000.00) exceeds the fair market value of the Property.

4. Bank of America is the holder and/or servicer of the second-priority mortgage, in the approximate amount of $21,300.

5. On February 26, 2013, Debtor filed a motion (the "Motion") seeking an order voiding the junior lien held and/or serviced by Bank of America upon effective entry of a chapter 7 discharge in the Debtor's bankruptcy case.

6. The Motion was resolved in the bankruptcy court by the Stipulated Order. A copy of the Stipulated Order is attached hereto as <u>Exhibit A</u>. As the Parties stipulated and the bankruptcy court held in that Order, under the reasoning of the U.S. Court of Appeals for the Eleventh Circuit in *McNeal v. GMAC Mortgage, LLC*, No. 11-11352, 77 F. App'x 562, 564 (11th Cir. May 11, 2012), on the facts as stipulated above, Bank of America's second lien may be "stripped off," or "voided," under 11 U.S.C. § 502(d).

7. Accordingly, the Stipulated Order provided:

> For the foregoing reasons, effective upon the later of (a) the Debtor's receipt of a discharge, and (b) this order becoming final and not subject to further appeal or review:
> A. Respondent's lien is void; and
> B. Respondent shall release its lien.

8. Bank of America filed a timely notice of appeal on April 30, 2013.

9. In *McNeal*, the Eleventh Circuit held that its prior decision in *Folendore v. United States Small Bus. Admin.*, 862 F.2d 1537 (11th Cir.1989), controlled analysis of the question presented here: Whether a junior lien that is completely underwater because a senior lien exceeds the value of the property is "voidable under the plain language of section 506(d)." *McNeal*, 477 F. App'x at 564 (quoting *Folendore*, 862 F.2d at 1538–39). *Folendore* had concluded that such a lien could be stripped off under Section 506(d). The *McNeal* panel acknowledged the Supreme Court's intervening decision in *Dewsnup v. Timm,* 502 U.S. 410 (1992), "which concluded that a Chapter 7 debtor could not 'strip down' a partially secured lien [i.e., a lien that exceeds the value of the collateral] under section 506(d)." *McNeal,* 477 F. App'x at 564. But, relying on the Eleventh Circuit's "prior panel precedent rule"—that "'a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is clearly on point,'" *id.* (quoting *Atl. Sounding Co., Inc. v. Townsend*, 496 F.3d 1282,

1284 (11th Cir. 2007)), the *McNeal* panel concluded that it was bound by *Folendore* notwithstanding *Dewsnup*: "Because *Dewsnup* disallowed only a 'strip down' of a partially secured mortgage lien and did not address a 'strip off' of a wholly unsecured lien, it is not 'clearly on point' with the facts in *Folendore* or with the facts at issue in this appeal." *Id.*

10. Bank of America disputes the correctness of the analysis in *McNeal* and *Folendore* and expressly reserves its rights in respect thereof.

11. Nonetheless, in light of *McNeal*'s conclusion that *Folendore* remains binding precedent in this circuit under the Court of Appeals' "prior precedent" rule, the parties agree that a challenge to *McNeal* and *Folendore* in this Court would be futile, and that such a challenge would appropriately be heard in the Court of Appeals or the Supreme Court.

12. Bank of America thus joins this motion for summary affirmance in order to obtain a judgment of this Court allowing it to seek review in the Court of Appeals for the Eleventh Circuit and/or in the U.S. Supreme Court in the most efficient manner. Summary affirmance should be granted to preserve judicial resources and to expedite resolution of the question presented, which is important to the administration of chapter 7 bankruptcies.

13.	Between the time *McNeal* was decided and March 31 of this year, 545 motions presenting this issue in the chapter 7 context were filed in the Northern District of Georgia alone.  *See In re Malone*, 12-61289-MGD, Dkt. 54 (Bankr. N.D. Ga Apr. 25, 2013), slip op. at 4.  While a petition for rehearing en banc has been filed in *McNeal*, the Eleventh Circuit has stayed consideration of that motion pending the resolution of the *GMAC* bankruptcy case—a matter that is unlikely to be resolved in the coming months.  *See McNeal v. GMAC Mortgage, LLC*, No. 11-11352, Orders dated February 22 and April 2, 2013 (11th Cir.).

14.	In the *Malone* case, the bankruptcy court granted the debtor's motion to "strip off" the creditor's lien but then certified the issue for direct appeal to the Eleventh Circuit, noting that that "[t]he conflicting rulings of *McNeal* and *Dewsnup* leave bankruptcy courts in the Eleventh Circuit without sufficient guidance to uniformly address a prevalent issue."  *Id.* at 5.  In the meantime, however, the parties in *Malone* have not yet filed their petition in the Eleventh Circuit seeking interlocutory review.  And even when that petition is ultimately filed, the decision whether to grant such review will be entirely discretionary.

15.	By contrast, following this Court's entry of the Stipulated Order, Bank of America intends immediately to file a notice of appeal to the Eleventh Circuit, an appeal that lies as a matter of right.  Moreover, in view of the importance of this

issue to the orderly administration of bankruptcy law, the parties have agreed jointly to seek expedited consideration of this matter on appeal to the Eleventh Circuit.

Based on the foregoing, the Parties respectfully request that the Court grant this motion and enter the order attached hereto as Exhibit B.

Respectfully submitted, this 8th day of May, 2013.

/s/ *J. Kelsey Grodzicki*      /s/ *A. Allen Hammon (by express permission)*

J. Kelsey Grodzicki
Rubin Lublin LLC
3740 Davinci Court, Suite 150
Peachtree Corners, Georgia  30092
(770) 246-3324

A. Allen Hammond
122 South Main Street
Jonesboro, GA  30236
(770) 603-6572
*Counsel for David Lamar Sinkfield*

*and*

Craig Goldblatt
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C.  20006
(202) 663-6000
*Counsel for Bank of America, N.A.*

## FONT CERTIFICATION

The undersigned counsel for Bank of America, N.A. hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 8th day of May, 2013.

>
> */s/ J. Kelsey Grodzicki*
> J. KELSEY GRODZICKI
> Georgia Bar No. 134259
> *Counsel for Bank of America, N.A.*

Rubin Lublin, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(770) 246-3324 (Telephone)
(404) 601-5458 (Facsimile)
kgrodzicki@rubinlublin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 8th day of May, 2013, served all parties in this matter with the foregoing by CM/ECF and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

    A. Allen Hammond
    124 North McDonough Street
    Suite 203
    Jonesboro, GA 30236

    */s/ J. Kelsey Grodzicki*
    J. KELSEY GRODZICKI
    Georgia Bar No. 134259
    *Counsel for Bank of America, N.A.*

Rubin Lublin, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(770) 246-3324 (Telephone)
(404) 601-5458 (Facsimile)
kgrodzicki@rubinlublin.com